EDWARD O LANDERS *vs.* ALONZO DEXTER & others.

A mechanic's lien under the Gen. Sts. *c.* 150, for a general balance of an account for labo performed in erecting a block of houses under separate and independent contracts as to the different parts of the block, cannot be maintained upon the whole block as one estate.

PETITION to enforce a mechanic's lien under the Gen. Sts. *c.* 150, for labor performed and furnished by the petitioner in erecting twenty houses on a lot of land in Boston under an agreement with the respondent Dexter. On the facts which appeared at the trial in the superior court, *Lord,* J., ruled that the petition could not be sustained, and reported the case which is stated in the opinion.

*J. Nickerson,* for the petitioner.

*A. A. Ranney,* for the respondents.

MORTON, J. The petitioner claims a lien for a general balance of account for labor performed and furnished on twenty houses, treating the whole as one estate.

It is evident that the petitioner cannot prevail unless he can maintain his lien for the whole of his debt, nor unless the lien attached to the whole estate. *Rathbun* v. *Hayford,* 5 Allen, 406.

It appears from the report, that in June or July 1867 he contracted with Dexter to do the carpenter and wood work on a block of twelve houses which were to be erected by Dexter, for which he was to be paid $615 for each house. He proceeded to work under this contract; and also performed some extra labor upon the block, on account of alterations made by Dexter in his plans. Under a subsequent and entirely independent contract with Dexter, he performed certain work upon eight other houses, being a continuation of the same block. In his petition, he claims a lien upon the whole twenty houses, and the land upon which they are situated, for the whole unpaid balance of his debt.

It is obvious that this claim cannot be sustained. The statute gives a lien upon a building or structure, and the land upon which it is situated, for labor performed upon such building or structure Gen. Sts. *c.* 150, § 1. Clearly it does not give a lien upon one

building for labor performed upon another under a distinct and independent contract. If it be conceded that the petitioner's lien for labor performed under his first contract attached to the whole block of twelve houses which was the subject of that contract, (a point which it is not necessary to decide,) still it would not attach to the other eight houses. So if his lien for labor performed under his second contract attached to the whole eight houses, it would not affect the other twelve. The statute provides no mode in which under this petition the court can apportion the petitioner's bill, and enforce his lien, if any, against each house or class of houses, for the labor thereon performed. He can only maintain it by showing that his lien attached to the whole estate. It follows, that the petition must be dismissed.

This view makes it unnecessary to consider the question, not free from difficulty, whether under the circumstances of this case the labor of the petitioner can be deemed to have been performed " by consent of the owner of the building or structure," under the statute.                        *Petition dismissed.*