Buford, J.
 

 In this case the appeal is from an order of the Circuit Judge sustaining the general and special de
 
 *1072
 
 murrers of The Filer-Cleveland Company, a mortgage creditor with notice, to a third amended bill of complaint wherein it was sought to foreclose a mechanic’s lien against two certain buildings and the lots upon which the same were situated. The lien was claimed upon
 

 “Lots Seven (7) and Eight (8) of the re-subdivision of Block Ninety-nine (99) of Lawrence Estate Land Company’s Subdivision, according to plat thereof recorded in Plat Book No. 2, at page 52 of the public records of Dade County, Florida, otherwise known and designated as Nos. 1250 and 1260 Southwest Sixth Street, Miami, Florida.”
 

 The contracts between the parties were evidenced by two separate written instruments. One of these instruments proposed t'o furnish all labor and material necessary to install the plumbing in the apartment house then being erected on lot No. 7 of Block 99, Lawrence Subdivision located at 1250 S. W. Sixth Street, Miami, Florida, according to certain specifications therein referred to for the sum of Seventeen Thousand, Five Hundred ($17,500.00) Dollars, payments to be made in a progressive manner on the first day of each month. The proposal was submitted by Dulbs & Company and was accepted by Wolpert Realty & Improvement Company, the then owner of the lot. The other instrument proposed to furnish all labor and material necessary to install the plumbing in the house then being erected on lot 8, Block 99, Lawrence subdivision located at 1260 S. W. Sixth Street, Miami, Florida, according to specifications therein referred to for the sum of Seventeen Thousand Five Hundred ($17,500) Dollars, payments to be made in a progressive manner on the first of each month. The proposal was submitted by Dulbs & Company and was accepted by Wolpert Realty & Improvement Company, the then owner of the property.
 

 
 *1073
 
 The proposals and acceptances which constituted the memoranda of agreements constituting the contracts were identical, except for the description of the lot upon which each building was to be located.
 

 If the parties had intended to consider the two jobs as a unit it is .apparent that there would have been but one proposal and one acceptance, because, as above stated, the labor and material agreed to be furnished for one building appears to have been identical with that agreed to have been furnished for the other building.
 

 In Rufus Rathburn v. W. S. Landess, et al., opinion filed August 2nd, 1930, it is held that when one seeks to avail himself of the benefits of a purely statutory right he must bring himself fairly within its provisions by complying with its terms. A mechanic’s lien is a creature of the statute and every step prescribed by the statute must be shown to have been substantially followed, or it does not exist. Rathburn v. Landess,
 
 supra;
 
 Stoltze v. Hurd, et al., 128 N.
 
 W.
 
 R. 115, and cases there cited.
 

 In Fullerton v. Leonard, 3 S. D. 118, 52 N. W. R. 325, which was quoted with approval in Stoltze v. Hurd,
 
 supra,
 
 it was held, in authority of numerous cases therein cited, that:
 

 ‘ ‘ The contract entered into by the lienor is the basis of the lien and if the contract under which the work is done and the material furnished is joint the lien must be joint or not at all.” See also Harper Lbr. Co. v. Teate, 125 So. R. 21.
 

 It, therefore, necessarily follows that if the contracts under which the work is done are several and separate contracts the material is furnished under separate contracts and the lien must be separate and several and not a joint lien. It has been repeatedly held by this Court,
 
 *1074
 
 and in other jurisdictions, that the lien is acquired by the performance of the labor or the furnishing of the materials, but whether or not the lien will attach to one or more buildings depends entirely upon whether the labor is performed or the material furnished under a single contract embracing several buildings, or is under several separate contracts which each embrace only one building. The law applicable to the facts here under consideration is well settled by the Supreme Court of Oregon in the case of Beach v. Stamper, 74 Pac. R. 208, 102 Am. St. R. 597, quoting with approval from Fullerton v. Leonard, 3 S. Dak. 118, 52 N. W. R. 325, in which it is said:
 

 “ ‘A joint lien upon several buildings situated upon different lots, owned by the same persons, could not be maintained where a separate contract had been entered into by the owner and contractor; for by the several contract the inference would be that a separate account should be kept with each building. Not so when the contract covered several buildings to be erected for a gross amount without regard to the cost of each. So, if two or more several owners of lots or parcels of land wish to jointly contract for the erection of several buildings to be situated upon the several pieces, for a definite and specific sum in gross for all, without regard to the cost of either one, a joint lien may be asserted upon all for any balance due for the erection of such buildings. ’ The contract is, therefore, the controlling feature that unites the several structures and enables the courts to say that they are but one building within the spirit and reasonable intendment of the statute. Other cases are cited by the learned chief justice who wrote the opinion in the case alluded to, to the same purpose, but it is unnecessary to refer to them further here.
 

 
 *1075
 
 ‘ King, as we have seen, had separate contracts with Prescott, each bearing its own consideration for the construction of each of these buildings. He contracted with Stamper, however, for a single consideration, to perform the work of painting, staining, etc., upon all the buildings, and Stamper prefers a lien upon the whole, and we are to inquire whether Stamper is in a position to invoke the doctrine settled by the "Williamette Mills Company Case. The original contractor, King, was not in a position to claim a single lien upon the whole for any default that might have been made by the builder in the payments stipulated for. This would seem to follow from the principle announced that the contract must form a basis for a lien on the whole, but it is supported by authority as well. 2 Jones, Liens (2nd Ed.) No. 1314; Landers v. Dexter, 106 Mass. 531; North & South Lumber Co. v. Hegwer, (Kan. App.) 42 Pac. R. 388; Fullerton v. Leonard,
 
 supra;
 
 Currier v. Frederick, 22 Grant. Ch. (Can.) 243. But the exact question here involved—whether Stamper is entitled to the lien claimed by him—has been decided in Knauft v. Miller et al. (Minn.), 47 N. W. R. 313, wherein the court say: ‘The appellant (a sub-contractor) is not entitled to a lien upon both lots for what was done under his entire contract,’ citing Landers v. Dexter,
 
 supra,
 
 and continuing: ‘To charge the whole property with a lien to the extent of the whole contract price would, in effect, impose a lien upon each separate building and lot, not only for the labor and material expended upon it,.but for that expended upon other buildings and lots. The distinct independent contracts made, by the owner would not have justified the original contractor in claiming a lien upon either lot except for labor or material expended
 
 *1076
 
 upon the particular lot sought to be so charged, and this sub-contractor could secure no such general lien which the original contractor could not have done’.”
 

 After the contracts were entered into between the owner and the materialman, the materialman was clothed with every necessary legal right to keep his accounts in such condition as to be able to ascertain and enforce a lien against each of the buildings for which he had a separate respective contract to furnish labor and material. He also had the right, if he wished to do so, to proceed in such a manner that he could not establish and maintain a claim for lien against either or both of the buildings as against a subsequent lien creditor, and this course he elected to pursue.
 

 The owner may have by subsequent conduct and transactions approved and ratified the deviations, conduct and actions of the materialman in such a manner as to be estopped from denying or contesting the right of the materialman to claim a joint lien on' both buildings, but the subsequent mortgage creditor would not necessarily be bound by such conduct and actions of the parties indulged in subsequent to the entering into the written contract composed of a written proposal and a signed acceptance thereof. When the proposed mortgagee assumed to make, a loan during the progress of the construction he had a right to look to the written contract between the parties to determine* the rights of the materialman and to determine the value of the security which was proposed to be included in his mortgage, and, finding a separate contract for the material and labor on each building separately, he was justified in determining that a lien, if any at all, would be claimed as to each building separately for the labor and material furnished therein. The materialman failed to perfect the acquisition of a lien superior to that of the
 
 *1077
 
 mortgagee, because having a separate contract for the labor and material on each building he failed to keep an account of the items of labor and material furnished respectively to each building, and failed to file a separate notice of lien as to each building.
 

 The owner had the right to contract in such a manner as to create the basis of a lien upon each building separately for the labor and material furnished in and for such building, or to contract so as to create a lien on the buildings jointly for the labor and material furnished, regardless of which building the same was furnished in and for, thereby laying the basis for a lien upon both the buildings for the labor and material furnished in either of them. The owner chose to pursue the former course and entered into separate contracts for the labor and material to be furnished and the price to be paid for each building separately.
 

 As hereinbefore stated, the owner might, after entering' into separate contracts for the furnishing of labor and material in the construction of separate buildings, have approved, ratified and confirmed the action of the. contractor obligating to furnish labor and material in such a manner as to be estopped from contesting the right of the contractor to claim and enforce as against the owner a joint lien on both buildings, but the bill of complaint in this case fails to allege such conduct upon the part of the owner as would change the written terms of the contract or as would estop the owner from contesting the right of the contractor to claim the joint lien on the two buildings.
 

 Nothing herein said conflicts with Skipper v. Thomas, 74 Fla. 255, 76 So. R. 779, or with Phillips v. Gilbert, 101 U. S. 721, 25 L. Ed. 833.
 

 The order of the chancellor should be affirmed and it is so ordered.
 

 Affirmed.
 

 
 *1078
 
 Whitfield, P. J., and Strum, J., concur.
 

 Terrell, C. J., and Ellis, J., concur in the opinion and judgment.
 

 Brown, J., dissents.