142 So.2d 99 (1962)
Roger W. LEEDY, d/b/a Roger's Plumbing & Heating Co., Appellant,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF COCOA et al., Appellees.
No. 2581.
District Court of Appeal of Florida. Second District.
June 8, 1962.
Melvin Boyd, of Blackwell, Walker & Gray, Miami, for appellant.
*100 Russell Snow, of Snow & Campbell, Cocoa, for appellees.
SMITH, Judge.
Appellee, First Federal Savings and Loan Association of Cocoa, filed its complaint to foreclose several mortgages on several lots in a subdivision known as Knollwood Gardens. The complaint alleged that Rolling Acres Development, Inc. gave its several notes and mortgages on the described lots, all of which were recorded not later than May 19, 1960; that the defendant (appellant here), Roger W. Leedy, claims a lien against the property described in the mortgages (and other property) by virtue of a claim of lien which he recorded on September 16, 1960; and that the claim of lien of that defendant was subordinate and inferior to the mortgages of the plaintiff. This defendant answered admitting that the claim of lien was filed, but alleged that defendant's lien was superior to plaintiff's mortgages. This defendant counterclaimed and alleged that it furnished certain labor and materials for improvements of the property described in the mortgages (and other property) under a contract with Rolling Acres Development, Inc. for improvements to said lots and that his lien was prior and superior to each of the mortgage liens. The plaintiff answered denying the allegations of the counterclaim. Upon motion for partial summary decree, the court entered a partial decree finding the amounts due under the various mortgages and set the cause down for hearing as to the validity and priority of the defendant's claim of lien.
At a subsequent hearing, the court found that the claim of lien of the defendant was recorded subsequent to the recording of the several mortgages held by the plaintiff and, therefore, the mortgages were prior in date and record to the defendant's claim of lien and, as a result thereof, the burden of establishing any facts to show that the claim of lien was prior in dignity and effect to the mortgages rested with the defendant lien claimant. The court further found that the lien claimant failed to establish that there was any visible commencement of operations for the improvements of any of the several lots covered by the mortgages, as of the time of the recording of the several mortgages, and therefore each of the mortgages was prior and superior to the defendant's claim of lien. The decree then directed the sale of the property to satisfy the amounts due to the plaintiff on each of its mortgages. We affirm.
The points involved in this appeal are:
(1) Whether or not the chancellor erred in ruling that the plaintiff establish a prima facie case, by proving its notes and mortgages and their recording prior to the recording of the claim of lien of the defendant, so that the burden of proof, or burden of going forward, then shifted to the defendant lien claimant on the question of priority.
(2) Whether or not there is sufficient, competent evidence to sustain the finding of the court that the mortgage liens were each superior to the defendant's claim of lien.
The pertinent portions of Section 695.01, Florida Statutes, F.S.A., are as follows:
"No conveyance, transfer or mortgage of real property, or of any interest therein, * * * shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; * * *."
Were it not for the provisions of the Mechanic's Lien Law, as hereinafter set forth, it would be clear that the above Statute has the effect of making the prior recorded mortgages superior to the subsequently recorded claim of lien.
*101 The applicable provisions of the Mechanics' Lien Law, Chapter 84, Florida Statutes, F.S.A., are as follows:
Section 84.02:
"A contractor, sub-contractor, materialman or laborer shall, * * * have a lien on the real property improved for any money that shall be owing to him for labor or services performed or materials furnished in accordance with his contract * * *."
Section 84.03(1):
"All liens provided by this Chapter shall relate to and take effect from the time of the visible commencement of operations * * *."
Section 84.01:
"* * * `Visible commencement of operations' means the first actual work of improving upon the real property or the first delivery to the site of the improvement of materials which remain thereon until incorporated in the improvement, of such manifest and substantial character as to notify interested persons that the real property is being improved or is about to be improved."
Section 84.15:
"Where the amount demanded is for labor or services performed, or materials furnished, * * * for more than one improvement to be operated as separate units on separate lots, parcels or tracts of land but improved in one continuous building operation, such as, but not limited to, a housing or multiple unit dwelling project, or a multiple separate unit development, and made or to be made in each case under the same direct contract or contracts, a lienor shall be required to file only one claim of lien covering his entire demand against such real property; in cases within the situation last above described, the entire claim shall be prorated equally between such lots, parcels or tracts of land and the improvements thereon not previously released in writing, and proof of delivery of materials at the order of the purchaser to any of such lots, parcels or tracts of land shall be sufficient to support a lien on any one or all of such lots, parcels or tracts of land so improved. * * *"
Section 84.20:
"Liens provided by this chapter shall have priority over a * * * mortgage, * * * which was not recorded, * * * at the time such liens attached as provided by § 84.03. * * *"
When the plaintiff mortgage holder proved its notes and mortgages and proved their recording prior to the time of the recording of this defendant's claim of lien, a prima facie case was thereby established and the burden of proving when the lien of the defendant attached to the property was upon the defendant lien claimant. The position of the defendant lien claimant is somewhat analogous to that of a person claiming under an unrecorded instrument, as in McCahill v. Travis Co., Fla. 1950, 45 So.2d 191. From the record thus established, the presumption arose that the mortgage holder was a purchaser who acquired his title in good faith and without notice of the attachment date of a subsequent recorded claim of lien. These facts lie peculiarly in the knowledge of the defendant, and he has the burden of proving them. McCormick on Evidence, p. 675; 20 Am. Jur. 138, Evidence, §§ 135, 136 and 142. Proof of the filing of a claim of lien is evidence of nothing more than a claim. It is not proof of the existence of a lien. The lien claimant must prove the furnishing of materials or labor for the improvement of the property in order to establish a lien. Nathman v. Chrycy, Fla.App. 1958, 107 So.2d 782.
The appellant contends that the first question has been settled in Grimsley v. *102 Rosenberg, 1927, 94 Fla. 673, 114 So. 553, stating that our Supreme Court determined the identical issue presented here. To this we do not agree. In Grimsley v. Rosenberg, supra, the court noted that there was no evidence as to the outstanding claims of the defendant Smith, who had answered denying that his interest in the mortgaged premises was subordinate to that of the claimant. This fact distinguishes that case from the instant case because here the plaintiff did prove the outstanding claim of lien of this defendant by proving the recording of his claim of lien and that such recording was subsequent to the recording of the plaintiff's mortgages. The chancellor correctly determined the question of burden of proof between the parties.
Endeavoring to meet the burden of proof thus cast upon him, this defendant introduced into evidence a purported contract, which is in the form of a letter. The pertinent parts are as follows:
 "ROGER'S PLUMBING &
 HEATING, CO.
 "CONTRACTORS
 "P.O. Box 232
 =======================================
 "Palm Bay, Florida
 "Jan. 21, 1960
 "Re: 71 houses at
 "Rolling Acres Dev. Corp.
 "Rockledge, Fla.
 "Mr. Marvin Popkin
 "Rolling Acres Development Corp.
 "Rockledge, Fla.
"Gentlemen:
"We are pleased to submit the following quotations and specifications for the plumbing installations on the subject project. * * *

* * * * * *
"We will furnish labor and material for the above mentioned project for the following sums:

Plan A ______ $748.00 730 F.R. M.L.P.
Plan B ______ $728.00 720 M.L.P.
Plan C ______ $762.00 730 M.L.P.

"Hoping this proposal meets with your approval,
 "Respectfully submitted,
 "Roger's Plbg & Htg Co.
 "Frank Robbins
 "Date ........ 1/21/60.
 "Accepted ........ M.L. Popkin."
Under the terms of this purported contract, this defendant then endeavors to establish facts to bring him within the provisions of Section 84.15, Florida Statutes, F.S.A., supra, by application of the blanket lien theory and relation back doctrine. As was stated in Geiser v. Permacrete, Inc., Fla. 1956, 90 So.2d 610:
"We are conscious of the possibility that the blanket lien theory if unrestrained could bring about a harsh application unjustily adverse to the interests of a mortgagee, such as in the case where visible work is commenced on one date, a mortgage is subsequently recorded, and at a much later date, under a separate contract, other materials are delivered or labor supplied and such materialman or laborer is given a lien dating back to the date operations were performed by one with whom the last materialman or laborer had no privity of contract. To avoid such an application, we feel it wise to say that, in order for one to benefit by the blanket lien theory, or relation back doctrine, the material delivered or labor or services performed must have been in connection with a single construction project going forward under a common plan, prosecuted with reasonable promptness to a conclusion and without material abandonment. If these requisites be met, even though there is no general contract involved, a subsequent materialman or laborer can benefit by the date some other person under separate contract with the owner first performed visible operations. Such a lienor could thereby acquire priority over an intervening mortgagee. * * *"
*103 This defendant failed to meet these requirements. There was no testimony that this was a single construction project going forward under a common plan, prosecuted with reasonable promptness to a conclusion and without material abandonment. The purported contract is nothing more than a bid or quotation. It was not a fixed sum contract, in that it provided for three different sets of specifications designated as Plans A, B and C. The quotation for Plan B was for a different amount than for Plan A or C. The proposal does not state how many of each plan will be installed in the total number of proposed houses, it does not describe the property on which the seventy-one houses are to be constructed, and none of these omissions are supplied by the record. The record does not establish that the separate improvements on the separate lots were improved in one continuous operation, and all of the improvements were not on contiguous or adjacent lots. There was no general contract. Although the record shows that there are two plats of subdivision known as Knollwood Gardens, one being Section I, and the other being Section II, the contract does not specify either subdivision nor, in fact, any subdivision, but rather states, "71 houses at Rolling Acres Dev. Corp., Rockledge, Fla."
In order to avail himself of the benefits of the purely statutory mechanic's lien, a claimant must bring himself fairly within its provisions by complying with its terms and every step prescribed by the statute must be shown to have been substantially followed or the lien does not exist. Biscayne Trust Co. v. Wolpert Realty & Improvement Co., 100 Fla. 1070, 130 So. 611.
The defendant's proof was to the effect that he had furnished materials for the improvement of Lot 6 in Block C of the subdivision at a time prior to the recording of the mortgages on the other lots. Then the defendant contends that by visible commencement of operations on this one lot, prior to the time of the recording of the several mortgages on the other lots, that his lien is prior and superior to all of said mortgages in spite of the fact that at the time improvements were begun on the lots covered in the mortgages, the mortgage on each had been recorded. To bring about such a harsh application unjustly adverse to the interest of a mortgagee, the lien claimant must show each and all of the elements necessary to bring him within the blanket lien theory and the relation back doctrine and in this case the defendant failed to prove all of the necessary elements.
The judgment is affirmed.
ALLEN, Acting C.J., and KANNER, J., concur.