540 So.2d 836 (1988)
O'KON AND COMPANY, INC., Appellant,
v.
Robert A. RIEDEL, Robert C. Riedel, John Bloxham Smith, Jr., and John G. Wurst, D/B/a Rsw Hotel Associates, Ltd., Appellees.
No. 87-1655.
District Court of Appeal of Florida, First District.
December 14, 1988.
On Motion for Rehearing March 31, 1989.
James E. McDonald, of McDermott, Will & Emery, Miami, and Paul H. Amundsen, of McDermott, Will & Emery, Tallahassee, for appellant.
Daniel S. Dearing and Robert Cintron, Jr., of Dearing & Cintron, Tallahassee, for appellees.
JOANOS, Judge.
Appellant, O'Kon and Company, Inc., has appealed a non-final order entered pursuant to Rule 9.130, Fla.R.App.P., granting partial summary judgment. The following issues were raised for our review: (1) whether there were sufficient facts to support the trial court's summary invalidation of appellant's lien and the immediate release of the lien funds; (2) whether the trial court erred by not following the mandatory statutory procedures in discharging and invalidating appellant's lien; and (3) whether the trial court should be ordered to reinstate the cash bond or order that appellee provide equivalent security. We affirm as to issues two and three. As to issue one, we affirm the trial court's decision to grant partial summary judgment with respect to appellant's lien, but reverse parts of the order and remand for further proceedings as follows.
Appellant (O'Kon) is a Georgia corporation engaged in design and engineering with respect to hotel projects. Appellees proposed to construct a hotel on property in Leon County, Florida, and contracted with O'Kon for architectural, engineering and project management services. Subsequently, problems arose between the parties. Eventually O'Kon filed a mechanic's lien on April 23, 1987, for its services on *837 the real property in Leon County. In reaction to the filing of the mechanic's lien by O'Kon, appellees brought suit alleging (1) slander of title, and (2) breach of a statutetort, alleging that appellant's lien was fraudulent as provided in section 713.31, Florida Statutes. O'Kon thereafter counterclaimed to enforce its mechanic's lien and for breach of contract. During the pendency of the proceeding, the real property subject to O'Kon's lien was sold, and pursuant to section 713.24, Fla. Stat., appellees placed a cash bond of $191,260 with the clerk of court representing the lien amount plus interest and costs.
The court rendered an order granting partial summary judgment in favor of appellees. The court summarily found that because O'Kon is not registered as an architect in Florida, O'Kon's lien was invalid and therefore the court directed the clerk to release the money in the court registry to appellees.[1]
*838 The pertinent laws governing the issues raised in this appeal are found in Chapter 713, Part I, Mechanics' Liens,[2] and Chapter 481, Part I, Architecture.[3] We examine the *839 statutes in pari materia to resolve the questions raised as a result of the trial court's order.
O'Kon contends that as a corporation, O'Kon acted not as an architect, but rather as a project manager, and therefore was not required to meet the regulatory provisions of the pertinent statutes governing the practice of architecture in Florida. We disagree. The parties' contract is entitled "Standard Form of Agreement Between Owner and Architect," and directly under this title is stated:
BETWEEN The owner: RSW Hotel Associates, Ltd.
and the Architect: as used herein Architect shall refer to and mean:
 O'Kon and Company, Inc.
 44 Broad Street NW, Suite 810
 Atlanta, Georgia 30303
As appellant contends, this agreement is signed by O'Kon as "project manager," and the designation "architect" is crossed out. (Appendix 133). The record reflects that in this case, O'Kon and Company, Inc., regardless of the labels to which it ascribes, has acted in at least a supervisory capacity over the architect and the architecture involved. The legislature intended Chapter 481 to protect the public from improper design and improper construction supervision by architects of buildings primarily designed for human habitation. Further, Chapter 713 which provides for professionals *840 offering services to file a lien for services, does not include "project managers." In the contract between O'Kon and appellee, it is stated "[t]he architect warrants that he is properly licensed to carry out the terms of the agreement." (Appendix 133). Under this statement appellant is represented as "Project Manager, O'Kon and Company, Inc." Further, under compensation for additional services, it is stated, "any additional services of the architect or consultants hired by the architect ..." (Appendix 131.) We agree with appellees' arguments that the record supports the determination that O'Kon's principal, Mr. James O'Kon, was holding himself and his corporation out as "architect" while knowing that he was not registered, certified or otherwise authorized to practice architecture in the state of Florida, contrary to section 481.223, Florida Statutes.
In his deposition, the only licensed architect in the design team, Warren Dixon, stated that O'Kon never had an office in Florida, and that he and his firm were supposed to serve as the Florida branch of O'Kon, but that never came to pass. Dixon testified that he was under the impression that the filing for a registration for O'Kon had begun, but he was not sure that it had, and the first phase of the work had already been done before it was even discussed. He further stated that he did not know of any specific steps that Mr. James O'Kon took to become registered as an architect in Florida. Dixon admitted that he knew that the state of Florida required O'Kon to be registered in the state if they were going to practice architecture in the state, and he participated in extensive conversations with Mr. James O'Kon regarding this issue during their first conference. (Appendix 24-27). A review of Dixon's deposition reveals that O'Kon was aware of the statutory requirements involving the practice of architecture in Florida, but never acted on the provisions to meet the statutory requirements.
Gaisford v. Neushcatz, 201 So.2d 635 (Fla. 4th DCA), cert. denied 207 So.2d 689 (Fla. 1967), cited by O'Kon, is not applicable. In that case, appellant, an out of state architect, had applied for his Florida certificate, and while a waiting its arrival, completed the requested plans and specifications for a motel and delivered them to the appellee. He received his certificate within months of delivering the plans. The court found that the preparation and delivery of the plans prior to certification was an isolated act and did not constitute practicing architecture in Florida which would render the contract unenforceable. There was no issue involving a lien, and no facts approaching the magnitude of appellant's ongoing, unauthorized, participation as an architect in the instant case.
Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla. 3rd DCA 1981), appeal dismissed, 415 So.2d 1359 (Fla. 1982), cited by the trial judge in paragraph four of its order, is also inapplicable, for therein no reference was made to a mechanics' lien, in contrast to the focus of the instant case.
We disagree with appellant's basic argument, that section 713.03, Florida Statutes, "liens for professional services" allows for unauthorized architects (labelled here as project managers), practicing in Florida in violation of section 481.219, Florida Statutes, to file a lien on real property in Florida to collect for services rendered. To interpret the phrase "[a]ny person who performs services as architect ..." in section 713.03, Florida Statutes, to mean one practicing in violation of the professional regulation statutes would render attempts at professional regulation ineffective. We agree with appellees that is not what the legislature intended. We believe that the only way O'Kon could assert a valid lien under Chapter 713 to enforce a claim for architectural fees would be through the mechanism of section 713.02(2), Florida Statutes. O'Kon did not pursue certification pursuant to section 481.219, Florida Statutes, and therefore it may not avail itself of the mechanics' lien provisions.
We find that, as appellees argue, the trial judge had before him all the facts necessary to conclude that O'Kon as a nonregistered architect, could not legally enforce a claim for architectural fees through the mechanism of statutory lien law. In the instant case appellant's contract was *841 based on O'Kon's warranty that the firm was authorized to practice architecture in the state of Florida. The certificates of nonregistration found in the appendix support the trial judge's finding that O'Kon was neither registered nor authorized under the pertinent statutes, during the period that the firm engaged in the business of providing architectural services in Florida, from December 1, 1984, when the initial contract was formed, through April 23, 1987, when the lien was filed.
The state's regulation of a corporate entity that seeks to provide architectural services is accomplished through certification. See section 481.219(1)(a) and (b), where it is provided that a corporation offering architectural services to the public may practice in this state if, (a) one or more of the principal officers or partners and all personnel who act in its behalf as architects are registered, AND (b) the corporation has been issued a certificate of authorization by the department as provided in section 481.213, Florida Statutes. (Emphasis supplied.) This statute does not limit its application to those corporations, who unlike appellant, offer only architectural services. We agree with appellees that without this statute, (as well as section 481.219(5), Florida Statutes), the state does not have a way to control the corporate offering of architectural services in the state. Obviously, the legislature thought it was important to provide for the regulation of both the individual and the corporate entity offering architectural services, as revealed by separate statutory criteria governing each. We find the above mandatory language to be very clear and straightforward, and find that appellant has not justified its failure to comply with the requirements of the regulatory statute.
Further, in response to this court's request for supplemental argument, appellant and appellee correctly distinguished between section 713.03(1) and section 713.01(2), Florida Statutes, and agreed that section 713.03(1) is limited to circumstances where property has been improved, so is not applicable to the facts of this case, whereas section 713.03(2) applies when the lienor is an architect who has a direct contract with the property owner. We agree with appellees that section 713.03(2) should be read in pari materia with section 481.203, which refers to an architect in terms of a registered architect. Also, as appellees argue, section 713.03(2) provides that only an architect with a direct contract (with the owner) may qualify for a lien. In the instant case, the one Florida registered architect in O'Kon's design team, Mr. Dixon, does not have a direct contract with the property owners, and O'Kon, who has the direct contract with the owner, is not an architect. We note the significance of the connector "and" in the statute, where it is provided that "[a]ny architect ... who has a direct contract and who in the practice of this profession ... shall perform services and subject to said compliances and limitations, shall have a lien ..." See Warshaw v. Pyms, 266 So.2d 355 (Fla. 3rd DCA 1972), wherein the third district reversed a summary judgment because it found a triable issue relating to agency of an architect to employ an engineer for the owner, where the engineer had filed a mechanic's lien for services. Although we did not find this case supportive of appellant's argument that it, as the corporate entity, is entitled to a mechanic's lien under section 713.03(2), Florida Statutes, the opinion does explain the distinction between section 713.03(1) and section 713.03(2), Florida Statutes.
Neither the provisions in section 713.03(1) nor section 713.03(2) allow O'Kon to file a mechanic's lien for architectural services performed while not in compliance with state statutes regulating the practice of architecture. Mechanics' liens are purely creatures of statute, and must be strictly construed. See Falovitch v. Gunn & Gunn Construction Company, 348 So.2d 560 (Fla. 3rd DCA 1977). Also, unless the lien is expressly created by the mechanics' lien law, it does not exist. Fell v. Messeroff, 145 So.2d 238, 239 (Fla. 3rd DCA 1962). It is undisputed that O'Kon, as a corporate entity, complied with none of the statutory provisions regarding certificate of authority, registration, or licensing. Appellant has not shown how it substantially followed *842 the steps prescribed by the mechanics' lien statute, therefore, according to an early decision of the Florida Supreme Court, the lien does not exist. Biscayne Trust Company v. Wolpert Realty & Improvement Company, et. al., 100 Fla. 1070, 130 So. 611, 613 (1930). See also W.N. Robbins Electric, Inc. v. Intercontinental Group, Inc., 374 So.2d 21 (Fla. 3d DCA 1979).
However, we find that the circumstances and ambiguities involved in this case preclude it from being susceptible to a partial summary judgment with respect to the validity of the underlying contract at the time the order appealed was entered. Further, we find that the trial court's order goes too far in paragraph four where it declares that the contract is invalid and unenforceable at law. None of the pertinent statutes examined regarding licensing or liens require that the entire contract in question be invalidated at this time. There are still issues of fact that must be decided in regard to the contract. Therefore, paragraph four should be stricken from the order.
We affirm the trial court's order, paragraphs five and six, where it abolishes the mechanic's lien and orders the funds released; however, we reverse on paragraphs four and seven of the order, where the court found that the contract is in violation of Chapter 481 Florida Statutes, and therefore unenforceable at law. The order of the trial court should only be construed as prohibiting appellant from using the mechanics' lien statute as a vehicle to protect its contract. To the extent that the trial court's order renders the entire contract invalid, we reverse and remand for further proceedings.
SMITH, C.J., and ZEHMER, J., concur.

ON MOTION FOR REHEARING
Appellant O'Kon and Company, Inc. (O'Kon) seeks rehearing of the opinion filed in this cause, asserting as ground therefor that, in finding O'Kon's mechanic's lien invalid because of its non-registration as a Florida architectural firm, the court overlooked the fact that the lien also included amounts owed for engineering services. Due to the alleged oversight, O'Kon asks that we restrict our finding of invalidity of the lien to the portion attributable to architectural services. We deny the motion for rehearing, with the following explanation and clarification.
Although the opinion did not expressly state that O'Kon's mechanic's lien contemplated amounts owed for both engineering services and architectural services, that fact was not overlooked by the court. Rather, we determined that just as O'Kon was not entitled to a mechanic's lien for architectural services performed while not in compliance with the Chapter 481 provisions regulating architecture, it was not entitled to a mechanic's lien for engineering services performed while not in compliance with the Chapter 471 provisions regulating engineering.
Accordingly, the opinion is clarified to reflect that although O'Kon's mechanic's lien contemplated amounts owed for both architectural and engineering services, the corporation did not possess the appropriate certification for entitlement to a mechanic's lien for either service. Therefore, with the exception of this clarifying language, the motion for rehearing is denied.
SMITH, C.J., and ZEHMER, J., concur.
NOTES
[1] The trial court's order provides in pertinent part:

ORDERED
1. That the court finds there is no issue of material fact as to the following:
(a) Defendant O'Kon and Company, Inc. ("O'Kon"), is a Georgia corporation engaged in the business of providing architectural and engineering services.
(b) On December 1, 1984, O'Kon contracted to provide architectural-engineering services to Plaintiffs Robert A. Riedel, Robert C. Riedel, John Bloxham Smith, Jr., and John G. Wurst, d/b/a RSW Hotel Associates, Ltd., a Florida partnership ("RSW").
(c) The contract provided for architectural-engineering services by O'Kon in connection with the design and construction of a 168-176 room hotel in Tallahassee, Florida.
(c) As a condition of the contract, O'Kon warranted that it was properly licensed to perform professional services under the agreement.
(d) Certain professional services were performed. When RSW refused to pay (for reasons immaterial to the instant motion and not considered by the court in reaching conclusions expressed in this order), O'Kon recorded a $162,000 claim of lien on or about April 23, 1987, against RSW's real property located in Florida.
(e) O'Kon was not at the time of contracting, or of performing architectural services, or in recording its lien against RSW's property, properly licensed to perform architectural services in Florida.
(f) At closing of the sale of RSW's property encumbered by O'Kon's lien, RSW was compelled to "bond out" the claim of lien by transferring the lien from real property to security and depositing $191,260 into the registry of this court, such transfer being recorded July 17, 1987, at Official Records Book 1272, Page 0102.
2. That legal rules applicable to the foregoing facts are as follows:
(a) Section 481.223, Fla.Stats., prohibits any person from practicing architecture unless that person is registered with and licensed by the State of Florida Department of Professional Regulation, Board of Architecture.
(b) Corporate entities performing architectural services through Florida licensees must have first received a certificate of authorization from the Department of Professional Regulation pursuant to Section 481.219, Fla. Stats.
3. O'Kon was not licensed or authorized before performing architectural services in Florida, and was in violation of professional licensing statutes of Chapter 481, Fla.Stats., Part I.
4. Contracts made in violation of Chapter 481, Fla.Stats., are invalid and unenforceable at law. O'Kon's failure to procure the license required by said statute precludes its recovery from professional architectural services in Florida. Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229, 234-235 (Fla. 3rd DCA 1982).
5. Being barred from recovery of fees for architectural services, O'Kon could not enforce a lien to perfect a claim for such fees via statutory procedures afforded under Chapter 713, Fla.Stats. Therefore, the $162,000 claim of lien recorded against Plaintiffs' property on or about April 23, 1987, is invalid, and the same is hereby declared to be null and void and of no effect.
6. The lien being invalid, it follows that the $191,260 paid into the registry of this court to "bond out" Defendant's recorded claim of lien was without legal foundation. Accordingly, the Clerk of the Circuit Court, Second Judicial Circuit, State of Florida, is hereby ordered and directed to pay instanter to RSW Hotel Associates, Ltd., the amount deposited into its registry together with accrued interest less statutory fees required by law to be paid thereon.
7. Although partial summary judgment as to the limited issue of the validity of the claim of lien is here decided in RSW's favor, summary judgment as to final liability of O'Kon under counts alleged in the complaint is DENIED. However, the court intends this order to resolve the major issue underlying relief sought under both counts and by O'Kon's counterclaim. It is accordingly suggested that counsel for both parties meet for the purpose of preparing a stipulation as to issues remaining for determination in the cause, and that Plaintiffs' counsel file such within 30 days. In the event the parties are unable to stipulate in good faith as to issues remaining, each party should file separate memoranda and a preliminary pretrial conference will be scheduled.
[2] Chapter 713, Part I, Mechanic's Liens, provides in pertinent part:

713.01 Definitions.  As used in this part:
(1) "Contract" means an agreement for improving real property, written or unwritten, express or implied, and includes extras or change orders as herein denied.
* * * * * *
(4) "Direct contract" means a contract as here defined between the owner and any other person. (Emphasis supplied.)
713.03 Liens for professional services. 
(1) Any person who performs services as architect, landscape architect, interior designer, engineer, or land surveyor, subject to compliance with and the limitations imposed by this part, shall have a lien on the real property improved for any money that shall be owing to him for his services in preparing plans, specifications, or drawings used in connection with improving the real property or for his services in supervising any portion of the work of improving the real property, rendered in accordance with his contract and with the direct contract.
(2) Any architect, landscape architect, interior designer, engineer, or land surveyor who has a direct contract and who in the practice of his profession shall perform services, by himself or others, in connection with a specific parcel of real property and subject to said compliances and limitations, shall have a lien upon such real property for the money owing to him for his professional services, regardless of whether such real property is actually improved. (Emphasis supplied.)
[3] Chapter 481, Part I, Architecture, provides in pertinent part:

481.201 Purpose.  The Legislature finds that improper design and improper construction supervision by architects of buildings primarily designed for human habitation or use present a significant threat to the public. (Emphasis supplied.)
481.203 Definitions.  As used in this act:
(1) "Board" means the Board of Architecture.
(2) "Department" means the Department of Professional Regulation.
(3) "Registered architect" means a person who is licensed under this act to engage in the practice of architecture.
(4) "Certificate of registration" means a license issued by the department to engage in the practice of architecture.
(5) "Certificate of authority" means a license issued by the department to a corporation of partnership to practice architecture.
(6) "Architecture" means the rendering or offering to render services in connection with the design and construction of a structure or group of structures which have as their principal purpose human habitation or use, and the utilization of space within and surrounding such structures. These services include planning, providing preliminary study designs, drawings and specifications, architectural supervision, job-site inspection, and administration of construction contracts. (Emphasis supplied.)
481.209 Examinations. 
(1) A person desiring to be licensed as a registered architect or architect intern shall apply to the department for licensure.
(2) An applicant shall be entitled to take the licensure examination to practice in this state as a registered architect if the applicant:
(a) Is honest and trustworthy; and
(b) Is a graduate from an approved architectural curriculum of 5 years or more, evidenced by a degree from a school or college or architecture which meets standards of accreditation adopted by the board by rule based on a review and inspection by the board of the curriculum of accredited schools and colleges of architecture in the United States, including those schools and colleges accredited by the National Architectural Accreditation Board. (Emphasis supplied.)
* * * * * *
481.213 Licensure. 
(1) The department shall license any applicant who the board certifies is qualified for licensure.
(2) The board shall certify for licensure any applicant who satisfies the requirement of ss. 481.209 and 481.211.
(3) The board shall certify as qualified for a license by endorsement an applicant who:
(a) Qualifies to take the examination as set forth in s. 481.209; has passed a national, regional, state, or United States territorial licensing examination which is substantially equivalent to the examination required by s. 481.209; and has satisfied the experience requirements set forth in s. 481.211;
(b) Holds a valid license to practice architecture issued by another state or territory of the United States, if the criteria for issuance of such license were substantially equivalent to the licensure criteria which existed in this state at the time the license was issued; or
(c) Has engaged in the practice of architecture as a registered architect in another state for not less than 10 years.
(4) The board shall certify as qualified for licensure any applicant corporation or partnership which satisfies the requirements of s. 481.219.
(5) The board may refuse to certify any applicant who has violated any of the provisions of s. 481.225.
(6) The board may refuse to certify any applicant who is under investigation in another state for any act which would constitute a violation of this act or of chapter 455 until such time as the investigation is complete and disciplinary proceedings have been terminated.
(7) The board shall adopt rules to implement the provisions of this act relating to the examination, internship, and licensure of applicants. (Emphasis supplied.)
* * * * * *
481.219 Certification of partnerships and corporations. 
(1) The practice of or the offer to practice architecture by licensees through a corporation or partnership offering architectural services to the public, or by a corporation or partnership offering architectural services to the public through licensees under this act as agents, employees, officers, or partners, is permitted, subject to the provisions of this act, provided that:
(a) One or more of the principal officers of the corporation or one or more partners of the partnership and all personnel of the corporation or partnership who act in its behalf as architects in this state are registered as provided by this act; and
(b) The corporation or partnership has been issued a certificate of authorization by the department as provided in s. 481.213.
(2) All final drawings, specifications, plans, reports, or other papers or documents involving the practice of architecture which are prepared or approved for the use of the corporation or partnership, for delivery to any person, or for public record within the state shall be dated and bear the signature and seal of the licensee who prepared or approved them.
(3) Nothing in this section shall be construed to mean that a certificate of registration to practice architecture shall be held by a corporation or partnership. Nothing herein prohibits corporations and partnerships from joining together to offer architectural, engineering, land surveying, and landscape architectural services or any combination of such services to the public, provided that each corporation or partnership otherwise meets the requirements of law.
* * * * * *
(5) For the purposes of this section, a certificate of authorization shall be required for a corporation, partnership, association, or person practicing under a fictitious name, offering architectural services to the public jointly or separately; however, when an individual is practicing architecture in his own given name, he shall not be required to register under this section. (Emphasis supplied.)
* * * * * *
481.223 Prohibitions; penalties. 
(1) No person shall knowingly:
(a) Practice architecture unless the person is a registered architect;
(b) Use the name or title "registered architect" or words to that effect when the person is not then the holder of a valid license issued pursuant to this act;
(c) Present as his own the license of another;
(d) Give false or forged evidence to the board or a member thereof for the purpose of obtaining a license;
(e) Use or attempt to use an architect license which has been suspended, revoked, or placed on inactive status;
(f) Employ unlicensed persons to practice architecture; or
(g) Conceal information relative to violations of this act.
(2) Any person who violates any provision of this section is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis supplied.)