KAHN, Judge.
Davis Water & Waste Industries, Inc. (Davis) appeals an adverse final summary judgment entered on its Complaint to Foreclose a Mechanic’s Lien filed against appel-lee Embry Development Corp. (Embry). We find no error and affirm.
The dispositive issue in this case involves construction of the phrase “abutting lands,” as the term is utilized in section 713.04, Florida Statutes (1989), a portion of the Florida Construction Lien Law.
In its mechanic’s lien complaint, Davis sought imposition of a lien against the Parkway North Subdivision, a tract of land in Nassau County owned and developed by Embry. Pursuant to the requirements of the relevant utility authority in Nassau County, Embry, as a prerequisite of subdivision approval, was required to make certain improvements to a public sewer and water system (the First Avenue Water Main Extension Project). The specific reason for such requirement was the need to increase water pressure to certain fire hydrants within the subdivision. Embry contracted with Island Underground Utility Contractors, Inc. (Island Underground) to perform these improvements. Island Underground, in turn, purchased materials for such improvements from Davis. Davis is owed a balance of $6,547.47 by Island Underground. In its complaint for mechanic’s lien filed pursuant to section 713.04, Davis alleged that the materials it provided for the public sewer and water system “abutted and/or benefitted” the subdivision property owned by Embry. Embry moved for summary judgment, claiming that the public property for which Davis’ materials were furnished is separated from Embry’s subdivision by intervening land, and that the public property and the subdivision “are not contiguous, do not touch, border on or otherwise reach or abut each other.” In support of its motion, Embry filed the affidavit of its president certifying, among other things, “[t]he Parkway North Subdivision is approximately one mile away from the location of the First Avenue water main extension work, which is on First Avenue, 3000 feet south of Simmons Road, and there is intervening land between such public land and the Parkway North Subdivision.” In opposition, Davis filed the affidavit of Clinton Dasher averring that the materials and labor furnished to the First Avenue Water Main Extension Project by Davis were for the direct benefit of the Parkway North Subdivision, and “increased the pressure of the water system used to feed the fire hydrants within the subdivision.” Neither Dasher’s affidavit, nor any other competent material of record, indicates that the public lands, otherwise described as the First Avenue Water Main Extension Project, are in actual physical contact with the Parkway North Subdivision.
The applicable statutory provision is as follows:
713.04 SUBDIVISION IMPROVEMENTS
(1) Any lienor who, regardless of privity, performs services or furnishes material to real property for the purpose of making it suitable as the site for the construction of an improvement or improvements shall be entitled to a lien on the real property for any money that is owed to him for his services or materials furnished in accordance with his contract and the direct contract.... When the services or materials are placed on land dedicated to public use and are furnished under contract with the owner of the abutting land, the cost of the services *1359 and materials, if unpaid, may be the basis for a lien upon the abutting land,
§ 713.04, Fla.Stat. (1989).
The Construction Lien Law, Chapter 713, Florida Statutes (1989), does not provide a definition for the term “abutting land.” Davis argues that the term, as utilized in Chapter 713, is not limited to lands that are adjoining, contiguous, or touching. In Davis’ view, the court should look to whether lands upon which a lien is sought have been actually benefitted by the improvements to public land, irrespective of whether the benefitted lands touch the improved lands. To bolster its position, Davis relies upon cases dealing with special municipal assessments. In such cases the courts have looked to the question of whether public improvements have provided actual benefit to the assessed property. See e.g. City of Ft. Myers v. State, 95 Fla. 704, 117 So. 97 (1928); City of Hallandale v. Meekins, 237 So.2d 318 (Fla. 4th DCA 1970), cert. discharged, 245 So.2d 253 (Fla.1971). Davis argues that the purposes of the Construction Lien Law may be vindicated only by allowing a lien on benefitted property.
Embry responds that the meaning of “abutting land” is clear and requires that the public land upon which improvements are constructed actually touch the land sought to be liened. Embry urges us to disregard the special assessment cases, and points out that section 170.01(l)(g), Florida Statutes (1989), expressly allows the levy and collection of special assessments on “abutting, adjoining, contiguous, or other specially benefitted property.” The Construction Lien Law contains no similar reference to specially benefitted property.
We find that the language in question must be construed according to its plain meaning. Powell v. State, 508 So.2d 1307 (Fla. 1st DCA 1987), rev. denied, 518 So.2d 1277 (Fla.1987). Black’s Law Dictionary (6th Ed.1990) defines “abut” as follows: “To reach; to touch. To touch at the end; be contiguous; join at a border or boundary; terminate on; end at; border on; reach or touch with an end. The term ‘abutting’ implies a closer proximity than the term ‘adjacent.’ No intervening land.”
The legislature has chosen to restrict the rights of potential lienors providing labor or material for improvement to real property other than the land upon which the lien is sought. We are not persuaded that we should ignore this restriction imposed by the legislature. Mechanic’s liens were created by statute and must be strictly construed. O’Kon & Co. Inc. v. Riedel, 540 So.2d 836 (Fla. 1st DCA 1988). The construction lien law is not subject to a rule of liberal construction. § 713.37, Fla. Stat. (1989). The analysis employed by the special assessment cases is not applicable, since such assessments are statutorily allowed for specially benefitted property, and fairly expansive procedural requirements are imposed by statute in the case of special assessments against benefitted property. §§ 170.02-170.08, Fla.Stat. (1989).
Finding no error in the trial court’s construction of section 713.04, Florida Statutes (1989), we AFFIRM the final summary judgment in favor of Embry.
ZEHMER and WOLF, JJ., concur.