STONE, Judge.
Appellant performed architectural and related services in designing a home for Appel-lee. At the time, Appellant, a corporation, did not have a certificate of authorization required by section 481.219, Florida Statutes because none of its principal officers were registered architects.
The house was not built. Nevertheless, Appellant filed a claim of lien for unpaid fees under the contract. Appellee initiated this action and Appellant counterclaimed for breach of contract and foreclosure of its claim of lien. The trial court entered summary judgment for the owner on both the contract and lien claim issues. This appeal involves only those counterclaim issues.
Section 481.219, Florida Statutes, provides:
(1) The practice of or the offer to practice architecture by licensees through a corporation or partnership offering architectural services to the public, or by a corporation or partnership offering architectural services to the public through licensees under this part as agents, employees, officers, or partners, is permitted, subject to the provisions of this section.
(2) For the purposes of this section, a certificate of authorization shall be required for a corporation, partnership, or person practicing under a fictitious name, offering architectural services to the public jointly or separately.
(7) The board shall certify an applicant as qualified for a certificate of authorization to offer architectural services ... as appropriate, provided that:
(a) One or more of the principal ... officers ... and all personnel ... who act in its behalf ... as architects, are registered as provided by this part.
Appellant relies on the following statutory exception to the licensure requirement:
481.229 Exceptions; exemptions from li-censure.
(1) no person shall be required to qualify as an architect in order to make plans and specifications for, or supervise the erection, enlargement, or alteration of:
(b) Any one-family or two-family residence building....
The trial court concluded that the exception is only applicable to owners of property who draw their own plans, and not to third parties holding themselves out as architects.
With regard to Appellant’s mechanic’s lien claim, section 713.03, Florida Statutes, provides:
(1) Any person who performs services as architect, ... subject to compliance with and the limitations imposed by this part, has a lien on the real property improved for any money that is owing to him for his services used in connection with improving the real property....
(2) Any architect ... who has a direct contract and who in the practice of his profession shall perform services, by himself or others, in connection with a specific parcel of real property and subject to said compliances and limitations, shall have a hen upon such real property for the money owing to him for his professional services, regardless of whether such real property is actually improved.
(emphasis added)
We affirm in part and reverse in part, concluding that Appellant does not have to possess a certificate of authorization in order to seek enforcement of a contract claim for services rendered in designing a single family home. However, Appellant is not entitled to a mechanic’s hen on the property, as only *212 an architect has a statutorily authorized lien on unimproved property.
We recognize, with respect to the contract claim and the single family home exemption, that it is difficult to discern legislative intent with certainty. However, we cannot overlook the fact that the legislature had the opportunity to limit the single family home exception to “owners,” and did not do so. We note that chapter 489 on construction contracting also contains a family residence exemption, and specifically states that it applies only to owners of property acting as their own contractor.
We also reject Appellee’s argument that the exemption cannot apply because Appellant is not a “person.” Clearly, the legislature is cognizant of its own definition of “person” as including corporations. § 1.01(3), Florida Statutes (1991). Therefore, had the legislature intended to limit the exception to natural persons it should be expected to use more explicit wording than simply “person.”
We take no issue with the argument that unlicensed persons have no right to enforce a contract for services that require a license. E.g. Rolls v. Bliss & Nyitray, 408 So.2d 229 (Fla. 3d DCA 1991), dism., 415 So.2d 1359 (Fla.1992). But here, as Appellant asserts, its services did not require a license under the statutory exception. We emphasize that our opinion is not grounded on this court’s view of any public policy issues that might support Appellee’s position. Obviously, if the legislature intends to limit the single family home provisions to owner/builders or natural persons it should amend the statute accordingly.
With respect to the judgment’s denial of the lien claim, subpart (2) of section 713.03 specifically limits the right to claim a hen on property which is not actually improved to “architects.” Section 713.01(1), Florida Statutes, defines “architect” as a person or firm authorized to practice architecture pursuant to chapter 481 or a general contractor who provides architectural services under a design-build contract authorized by s. 481.-229(3). We note that this definition specifically includes unlicensed persons acting pursuant to one statutory exemption from licen-sure, i.e., section 481.229(3). Our record does not reflect that Appellant made any claim under this provision. However, the definition makes no mention of unlicensed persons acting pursuant to any other of the statutory exemptions listed in section 481.-229, including persons designing single family homes. We need not consider whether AppeUant would have been entitled to a mechanic’s hen had the property been improved. See, generally, O’Kon & Co., Inc. v. Riedel, 540 So.2d 836 (Fla. 1st DCA 1988).
Therefore, the judgment is reversed in part and remanded for further proceedings.
ANSTEAD and POLEN, JJ., concur.