FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2023-1253
_____

S.L.L., A Child,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court of Levy County.
Mark W. Moseley, Judge.

March 20, 2024

OSTERHAUS, C.J.

Appellant appeals from a restitution order awarding a burglary victim restitution for lost wages corresponding to appointments lost in her *unlicensed* cosmetologist practice. The practice of cosmetology without a license is a crime. § 477.0265(2), Fla. Stat. We agree with the parties that it was error to award lost-wages restitution to the victim corresponding to the loss of illicit work.

I.

In 2022, Appellant and two other minors broke into a home and stole items used in the victim's cosmetology practice among some other things. Appellant was apprehended and pled nolo

contendere to burglary and grand theft charges. As part of the plea, Appellant agreed to pay restitution. At a subsequent restitution hearing, the victim testified and entered her appointment book into the record showing that she lost weeks' worth of hair and nail appointments because of the stolen occupational supplies. On that basis, the trial court awarded $3,650 in lost wages corresponding to the cancellation of numerous cosmetology appointments, as well as $426 for the stolen items.

Appellant objected to the lost wages assessment and ultimately appealed to this court because the victim lacked a license to practice cosmetology. According to Appellant, the trial court's award of restitution for income lost from illicit cosmetology appointments violates law and public policy and should be reversed.

## II.

"Generally, appellate courts apply an abuse of discretion standard when reviewing a trial court's determination as to the proper amount of restitution." *Koile v. State*, 934 So. 2d 1226, 1229 (Fla. 2006). But where the only issue presented is a question of law, the standard of review is de novo. *Id.*

When a juvenile offender commits a criminal offense, Florida law requires that restitution be made to compensate victims for losses and to serve systemic rehabilitation and deterrence goals. § 985.437(2)(a), Fla. Stat. In a delinquency proceeding, "[t]he court may order the child to make restitution . . . for any damage or loss caused by the child's offense in a reasonable amount or manner to be determined by the court." § 985.437(2)(b), Fla. Stat. This amount may include a victim's lost wages if the State establishes by a preponderance of the evidence the victim's loss was caused by the child's offense. *See, e.g.*, *J.B.E.C. v. State*, 344 So. 3d 632, 633 (Fla. 2d DCA 2022). The calculation of restitution is generally based on the fair market value of the loss: "Restitution must be determined on a fair market value basis unless the state, victim, or child shows that using another basis, including, but not limited to, replacement cost, purchase price less depreciation, or actual cost of repair, is equitable and better furthers the purposes of restitution." § 985.437(2)(b), Fla. Stat. But where lost income is not

2

attributable to the offense, it "is not recoverable under the statute." *Koile*, 934 So. 2d at 1234.

In this appeal, the specific issue is whether the victim who was scheduled to perform *unlicensed* cosmetology work and had to cancel various hair and nail appointments because of Appellant's offense can receive restitution for the lost income. The unlicensed practice of cosmetology is unlawful and constitutes a second-degree misdemeanor. § 477.0265, Fla. Stat. Both parties acknowledge a problem with granting lost wages restitution based on cancelled appointments to the unlicensed victim. And we, too, agree that the expected income from the victim's illicit cosmetology appointments cannot serve as the basis for establishing a fair market value-based restitution award for lost wages under § 985.437(2)(b). *See Cooper v. Paris*, 413 So. 2d 772, 774 (Fla. 1st DCA 1982) (noting the court's affirmative duty to prevent an unlicensed party from benefitting from being rewarded financially for illegal activities); *cf. DeLong v. 3015 West Corp.*, 491 So. 2d 1306, 1307 (Fla. 1st DCA 1986) (excluding the value of illegal materials supplied to a claimant from the calculation of "wages" because the goods could not be legally purchased); *O'Kon and Co., Inc. v. Riedel*, 540 So. 2d 836, 840–41 (Fla. 1st DCA 1988) (finding that a nonregistered architect could not legally enforce a lien claim); *Rolls v. Bliss & Nyitray, Inc.*, 408 So. 2d 229, 234 (Fla. 3d DCA 1981) (recognizing "the controlling legal principle . . . that contracts which are made in violation of . . . professional regulation statutes are generally held to be invalid and unenforceable at law").

We therefore REVERSE the portion of the trial court's restitution order awarding $3,650 in restitution for lost wages.

RAY and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

3

Jessica J. Yeary, Public Defender, and Emmalyn Dalton and Jasmine Russell Dixon, Assistant Public Defenders, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Darcy Olivia Townsend, Assistant Attorney General, Tallahassee, for Appellee.